**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Poynor, | No. CV-11-8172-PCT-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Scott Mascher, Yavapai County Sheriff; Yavapai County Sheriff's Office; Clyde Bentley, a married man and Jane Doe Bentley; and Yavapai County, | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss. (Doc. 3). For the reasons detailed below, the motion is granted.

**BACKGROUND**

According to the complaint, on October 9, 2010, Defendant Clyde Bentley, a deputy in the Yavapai County Sheriff's Office ("YCSO"), responded to a "weapons offense" at 2733 North Kings Highway. When he arrived, he encountered Plaintiff Michael Poynor, who was armed, but who was not threatening him. After telling Plaintiff to drop the weapon, Defendant Bentley shot Plaintiff in the left side of his neck. (Doc. 1-2 at 3). Plaintiff filed suit in Yavapai County Superior Court on October 7, 2011, making a number of state law claims and making constitutional claims under 42 U.S.C. § 1983. (Doc. 1-2). Defendants removed to Federal Court on November 1, 2011. (Doc. 1). Defendants filed a motion to dismiss on November 8, 2011. (Doc. 3). In the motion, Defendants argue 1) that the state law claims

1 must be dismissed because Plaintiff failed to file a Notice of Claim within 180 days of the
2 claim's accrual, as required by state law, 2) the claims against YCSO must be dismissed
3 because YCSO is a non-jural entity, and 3) Plaintiff's § 1983 claims must be dismissed
4 because the claims are improperly pled. (Doc. 3).

## DISCUSSION

### I. Legal Standard

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When analyzing a Rule 12(b)(6) motion, all plausible "allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

The Arizona District Court requires parties to file a responsive memorandum within fourteen days after a motion has been filed, unless otherwise ordered by the court. LRCiv 7.2(d). Failure do to so "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

### II. Analysis

Plaintiff's complaint contains five state law claims and one federal claim. The state law claims—for Battery, Negligent/Intentional Infliction of Emotional Distress, Violation of a Criminal Statute, Negligence of Government Entities, and False Imprisonment—are lodged against Defendant Bentley, Yavapai County, and YCSO. (Doc. 1-2, Ex. A at 3–4). Plaintiff's § 1983 claim is lodged against "Defendants" for "allowing [Defendant Bentley]

1  under color of law" to use excessive force, for allowing him to assault Plaintiff, for allowing
2  him to abuse his power, for failing to train him, and for breaching a duty "in allowing or
3  disregarding the acts complained herein." (Doc. 1-2, Ex. A, at 4). Defendant Bentley is not
4  named in his individual capacity in the § 1983 claim.

5        Arizona law requires that a plaintiff file a notice of claim "with the person or persons
6  authorized to accept service for the public entity . . . as set forth in the Arizona rules of civil
7  procedure." *Falcon ex. rel. Sandoval v. Maricopa Cty.*, 213 Ariz. 525, 526, 144 P.3d 1254,
8  1255 (2006). *See also* Arizona Revised Statutes ("A.R.S.") § 12-821.01(A)(2003). If a public
9  entity is not properly noticed within 180 days of the accrual of the claim, a court must
10 dismiss the claim. *See Falcon*, 213 Ariz. at 528. Defendant attaches affidavits from
11 Defendant Mascher, Defendant Bentley, and Defendant Julie Ayers, the acting Clerk of the
12 Board of Supervisors of Yavapai County. (Doc. 3-1, Ex. A–C). All three affirm that neither
13 they nor the other proper entities received a notice of Plaintiff's claim. *Id.*

14       Generally, a court may not consider evidence or documents beyond the complaint in
15 the context of a Rule 12(b)(6) Motion to Dismiss. *See Hal Roach Studios, Inc. v. Richard
16 Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990) (amended decision). Plaintiff alleges
17 in his complaint that "notice of Plaintiff's claim was provided pursuant to A.R.S. 12-821-
18 821.01. [*sic*]" (Doc. 1-2, Ex. A at 3). He does not state to whom notice was provided, and did
19 not file a response to the motion to dismiss. Plaintiff's state claims against the county,
20 Defendant Bentley, and Defendant Mascher are dismissed.

21       In his § 1983 claim, Plaintiff does not name Defendant Bentley in his individual
22 capacity. Instead, he alleges that "Defendants" are liable for allowing or supervising
23 Defendant Bentley's actions. (Doc. 1-2, Ex. A, at 4). Supervisors are not liable in § 1983
24 suits under the doctrine of *respondeat superior*; instead a supervisor is only liable if he "set
25 in motion a series of acts by others, or knowingly refused to terminate a series of acts by
26 others, which he knew or reasonably should have known, would cause others to inflict the
27 constitutional injury." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998)
28

- 3 -

1  (internal quotation omitted). Municipalities may only be liable under § 1983 for failing to
2  train employees when the failure both can be traced to the injury suffered by a plaintiff and
3  "amounts to deliberate indifference to the rights of persons with whom the police come into
4  contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

5  Plaintiff does not allege that any supervisor either set in motion or knowingly refused
6  to terminate the actions of Defendant Bentley. He states that some unnamed defendant
7  "fail[ed] to adequately train [Defendant Bentley]" but does not plead that whichever
8  Defendant was responsible for the training acted with deliberate indifference. Again, Plaintiff
9  did not respond to Defendant's motion to dismiss, thereby waiving any argument that his
10 official capacity §1983 claim should proceed. This claim will also be dismissed.

## CONCLUSION

12 Plaintiff, although represented by counsel, did not respond to Defendant's Motion to
13 Dismiss. As such, his action "may be deemed a consent to the denial or granting of the
14 motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). Defendant's
15 motion is therefore granted.

16 **IT IS THEREFORE ORDERED:**

17 1. Defendant's Motion to Dismiss (Doc. 3) is **granted**.

18 2. The Clerk of Court shall **terminate** this action.

19 DATED this 5th day of April, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge

- 4 -